## DAN MAY v. STATE.

No. A-6097.    Opinion Filed Sept. 24, 1927.
(259 Pac. 604.)

Loofbourrow & Loofbourrow, for plaintiff in error.

Edwin Dabney, Atty. Gen., for the State.

EDWARDS, J.  The plaintiff in error, hereinafter called defendant, was convicted in the county court of Beaver county on a charge of having the unlawful possession of intoxicating liquor and was sentenced to pay a fine of $150 and to serve 40 days in the county jail.

The evidence on the part of the state discloses that at the time charged the defendant, who operated a service car out of the town of Liberal, Kan., carried some passengers to the town of Turpin, in Beaver county.  Certain

officers heard defendant negotiating with a young man named Dickerson and approached and attempted to arrest him, whereupon he broke a jar of whisky. Owen Young testified:

"* * * Q. State what that conversation was? A. Well they were standing there north of me, and I heard Mr. May say, 'I can't sell it to you without the money.' And the Dickerson boy says, 'I'll pay you tomorrow,' and he said, 'No.' * * * A. He pulled a jar out of his pocket—it didn't come clean out, but he raised it up so I could see it in there, and about that time I stepped out. * * * I walked out there and told him to consider himself under arrest, and he run from me. He ran around a car, and run about 10 feet, and broke the jar on a car wheel. I saw it hit the car wheel.

"* * * Q. How far were you from the defendant, Dan May, when he broke the jar? A. I was right there.

"* * * Q. Did you smell any liquor at that time? A. Yes, sir.

"* * * Q. Well, when did you smell that liquor? A. I smelled it right there.

"* * * Q. Are you positive that was whisky in that jar? A. It smelled like whisky.

"Q. But you don't know whether it was whisky? A. Yes, sir; I know it was whisky because I could smell it."

Albert Ross testified:

"* * * Q. I will ask you to state what that conversation was? A. I heard this one man ask Mr. May—he says, 'Have you got any whisky,' and Mr. May says, 'I have the whisky if you've got the money,' and he said he didn't have any money. * * * Mr. May started from where he was, he started northwest, and Mr. Young stepped out and said he was under arrest and started after him. They ran out in the street, and Mr. Young got him, and about that time I heard a crash of something breaking."

C. E. Dale testified:

"* * * Q. I wish you would tell the first thing you saw? A. Well, the first thing I saw two men came out between some automobiles. I was out in the street. They were going about as fast as they could go. Finally Mr. Young caught Mr. May. About the time he caught him or just before he laid his hand on him, there was a crash of a bottle.

"Q. Did you see who threw the bottle? A. I couldn't tell for sure.

"Q. Did you examine where the bottle struck? A. It was only a few steps from where I was standing, and I had a flashlight in my pocket so I took a look at it.

"Q. Are you able to say positively that it was whisky? A. Yes, sir.

"Q. What kind of a bottle was that? A. Well, as near as I could tell from what there was left of it, it looked like a quart bottle."

J. B. McNew testified:

"* * * A. The first thing I seen of it, I was on the west side of the street and I seen a couple of men running pretty close together and I stopped. I was a little bit south. * * * As he run, he run through in between some cars and turned south. I just stood still, and they run up pretty close to me. About that time Mr. Young caught up with him. He pulled something out of his pocket and threw it to the ground. It looked like a bottle, and I could smell the fumes of whisky as soon as it hit the ground. * * *"

Defendant testified in his own behalf and denied that he had any whisky, but testified that he had a pistol on his person and threw it under the car in order that it might not be found on him. There was some evidence tending to corroborate his testimony. It has uniformly been held by this court that, where there is evidence from which the jury may reasonably and logically find a defendant guilty, although the evidence may be conflicting, the weight and credibility of the evidence

is for the jury, and this court will not disturb their verdict for insufficiency.

The case is affirmed.

DOYLE, P. J., concurring.

DAVENPORT, J., absent, not participating.